Special          Private          Priority          Proprietary          Urgent

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*FILED*
*HARRISBURG, PA*
*DEC 03 2015*
*MARIA E. ELKINS, CLERK*
*Per _____*

## NOTICE TO MARIA E. ELKINS, CLERK OF COURT
### Petition to Seal Bill in Equity

This Bill in Equity: Petition for Declaratory Relief has been submitted for your review and filing by the Complainant, a non-statutory, non-commercial, non-surety, non-quasi-trustee, *de jure*, Pre-March 9, 1933, Private American National Citizen of the United States, holding private individual citizenship status protected by Section One of the Fourteenth Amendment to the Constitution of the United States.  (See attached authenticated document (Exhibit A) titled *"Declaration of Status of Eric Jon Phelps: American Freeman; Pre-1933 Private Citizen of the United States; American National,"* including Exhibits 1-7.)  Complainant privately resides within a non-militarily-occupied, private estate in the County of Lebanon, Commonwealth of Pennsylvania pursuant to Section One of the Fourteenth Amendment to the Constitution of the United States.  Complainant privately resides without the temporarily-imposed, military jurisdiction of the UNITED STATES presently under military occupation.  For the UNITED STATES has been in a declared state of national emergency, and thus, a state of war, since March 9, 1933, via President Roosevelt's Proclamation 2040 "approved and confirmed" the same day by Congress' "Emergency Banking Relief Act" (12 USC 95a-b) passed sight unseen and author unknown.

This Bill in Equity: Petition for Declaratory Relief concerns extraordinary matters of a public trust, the "Constitution for the United States of America," and a private equity trust, "ERIC JON PHELPS," its trust documents being special and private, restricted and confidential, proprietary and privileged to be seen only by the Chancellor in Chambers.

This Bill in Equity: Petition for Declaratory Relief is intended to be heard by an Article III judge (as opposed to a mere magistrate judge) sitting as Chancellor in exclusive English/American Equity jurisdiction, said civilian, non-military, judicial power having been granted to the Court by the Sovereign **"We the People"** of the United States through Article III, Section 2, subdivision 1 of the Constitution for the United States of America.

This Bill in Equity: Petition for Declaratory Relief is intended to be without the "Federal Rules of Civil Procedure," i.e., the rules of military jurisdiction imposed on this Court through Section 17 of the "Trading With the Enemy Act" (50 USC App. 17) on September 16, 1938.  For said military "Federal Rules of Civil Procedure," merging the historic procedural rules of English/American Common Law and Equity for the newly imposed military jurisdiction, replaced the civilian "Federal Equity Rules" having governed constitutionally-protected, federal suits in English/America Equity since 1912.

This Bill in Equity: Petition for Declaratory Relief is to be subject to the rules of the Chancery Court set forth in "Federal Equity Rules" of 1912, the twenty Maxims of Equity and historic English/American Equity jurisprudence.

*Special and private* (left margin)

*Special and private* (right margin)

**Special**      **Private**      **Priority**      **Proprietary**      **Urgent**

This Bill in Equity: Petition for Declaratory Relief is not to be assigned a general and public "CV" court docket number, but rather is to be given a temporary, miscellaneous, special and private docket number until the Judge reviews the petition and signs the attached Order to Seal. Then a permanent docket number shall be assigned to the case.

This Bill in Equity: Petition for Declaratory Relief is intended to be heard during an extra and special term of the Chancery Court, ex parte, under exigent circumstances as it concerns time sensitive relief. Therefore, Complainant demands an immediate review determination of this Bill in Equity and subsequent Order granting Complainant's Petition to Seal, followed by a second Order attached to the Bill in Equity granting Complainant an evidentiary hearing in Chambers in Camera to prove the existence of the two trusts and that Defendants are in breach.

This Bill in Equity: Petition for Declaratory Relief is not to be construed to be anything but a non-statutory, private Bill in Equity filed by a pre-March 9, 1933, Private American National Citizen protected by Section One of the Fourteenth Amendment to the Constitution for the United States invoking constitutional, civilian, English/American Equity jurisdiction of this Court.

Complainant has Released and Discharged all officers of this Court from their obligation to impose the rules of military due process of law, including the "Federal Rules of Civil Procedure," and has Accepted the Oath or Affirmations of all officers of this Court to support and defend the Constitution of the United States, including its civilian due process of law clauses secured by the Fifth and Fourteenth Amendments to the Constitution. (Exhibits B and C)

Respectfully submitted,



Eric Jon: Phelps, 12/03/15

**Eric Jon: Phelps**, Complainant
Pre-March 9, 1933, Private American National:
    Citizen of the United States
Private Citizen of the Commonwealth of Pennsylvania
Private Resident of the Commonwealth of Pennsylvania
    Within a Non-Militarily Occupied Private Estate
    County of Lebanon
    Without the temporary emergency war powers
    Military jurisdiction of the UNITED STATES
    Under military occupation since March 9, 1933
Beneficiary and Agent of Record for
    "ERIC JON PHELPS"
All rights reserved without prejudice
Cell: 484-238-5200

*Special and private* *Special and private*

**Special**          **Private**          **Priority**          **Proprietary**          **Urgent**

## LAW OF THE SUIT

I.   **AV1611 King James Reformation English Bible**

II.  **Constitution for the United States of America**

III. **Historic English/American Equity Jurisprudence**

IV.  **Maxims of Equity:**

1) Equity sees that as done what ought to be done.

2) Equity will not suffer a wrong to be without a remedy.

3) Equity delights in equality.

4) One who seeks equity must do equity.

5) Equity aids the vigilant, not those who slumber on their rights.

6) Equity imputes an intent to fulfill an obligation.

7) Equity acts *in personam* or on persons.

8) Equity abhors a forfeiture.

9) Equity does not require an idle gesture.

10) He who comes into equity must come with clean hands.

11) Equity delights to do justice and not by halves.

12) Equity will take jurisdiction to avoid a multiplicity of suits.

13) Equity follows the law.

14) Equity will not aid a volunteer.

15) Where equities are equal, the law will prevail.

16) Between equal equities the first in order of time shall prevail.

17) Equity will not complete an imperfect gift.

18) Equity will not allow a statute to be used as a cloak for fraud.

19) Equity will not allow a trust to fail for want of a trustee.

20) Equity regards the beneficiary as the true owner.

## TABLE OF CONTENTS FOR EXHIBITS

Exhibit A—Declaration of Status of Eric Jon Phelps; American Freeman; Pre-1933 Private Citizen of the United States; American National (38 pages)

Exhibit B—Release and Discharge of Obligations (2 pages)

Exhibit C—Acknowledgment and Acceptance of Oaths of Office (2 pages)

Special          Private          Priority          Proprietary          Urgent

## **RULES OF COURT**

1. *Federal Equity Rules, 1912*.

2. United States District Court for the Middle District of Pennsylvania Local Rules (2014).

## **TABLE OF AUTHORITIES**

3. Perry, Jairus Ware, *A Treatise on the Law of Trusts and Trustees* (Boston: Little, Brown and Company, 1882) Vols. I-II.

4. Story, Joseph, *Commentaries on Equity Pleadings and the Incidents Thereof According to the Practice of the Courts of Equity of England and America* (Boston: Little, Brown and Company, 1892).

5. Pomeroy, Jr., John Norton, *Pomeroy's Equity Jurisprudence* (San Francisco: Bancroft-Whitney Co., 1905) Vols. I-IV.

6. Gibson, Henry R., *A Treatise on Suits in Chancery* (Knoxville, Tennessee: Gaut-Ogden Company, Printers and Binders, 1907), including Vol. I, pp. 1-57, Sections 1-64; Vol. II, pp. 950-966, Sections 1189-1205.

7. Lewin, Frederick Albert, *A Practical Treatise on the Law of Trusts* (Boston: Charles H. Edson and Co., 1888) Vols. I-II, Eighth Edition.

8. Phelps, Charles E., *Juridical Equity Abridged for the Use of Students* (Baltimore: M. Curlander, 1894).

9. *Library of American Law and Practice; "Equity," Equity procedure* (American Technical Society, 1919) p. 64, Sect. 81.

10. Bates, C. L., *Federal Equity Procedure: A Treatise on the Procedure on Suits in Equity in the Circuit Courts of the United States* (Chicago: T. H. Flood and Co., 1901) in Two Volumes.

11. Hopkins, James Love, *The New Federal Equity Rules Promulgated by the United States Supreme Court at the October Term, 1912* (Cincinnati, Ohio; The W. H. Anderson Company, 1913).

*Special and private* · *Special and private*

**Special**        **Private**        **Priority**        **Proprietary**        **Urgent**

## NOTICE TO THE CLERK AND TO THE COURT

The above rules and authorities were followed by the federal courts in civil matters prior to the merging of the procedures of Law and Equity with the issuing of the "Federal Rules of Civil Procedure" on September 16, 1938.  This massive change in procedural distinctions between Law and Equity followed the temporary ousting of constitutional civilian jurisdiction, both at Law and in Equity in open public court—*to the exclusion of the private Chancery court in chambers*—and the temporary imposition of statutory military jurisdiction in open court on April 25, 1938.

For the Complainant to submit to the militaristic "Federal Rules of Civil Procedure" issued under Section 17 of the "Trading With the Enemy Act" would be commingling his constitutional status and constitutional due process rights as a Private American National Citizen with the statutory status and statutorily-conferred privileges of an enemy "person" under the "Trading With the Enemy Act" of 1917 (50 USC App. 5(b) as amended by the "Emergency Banking Relief Act" of 1933 (12 USC 95a).  This commingling would be fatal to Complainant's Bill in Equity.

Further, for the Complainant to submit to the militaristic "Federal Rules of Civil Procedure" issued under Section 17 of the "Trading With the Enemy Act" would give rise to the presumption that he is a legal fiction/quasi-artificial person similarly situated as other "enemy persons" statutorily defined as "U.S. citizens," and not a constitutionally-defined, individual, pre-March 9, 1933, Private American National Citizen of the United States.  Complainant would be conducting his litigation rather as an enemy "person" under the "Trading With the Enemy Act" of 1917 as amended by the "Emergency Banking Relief Act" of 1933.  Further, Complainant would be admitting he has no constitutionally-protected right to a civilian due process of law in Equity.

Further, that constitutionally-protected right to a civilian due process of law includes the right of a Pre-March 9, 1933, Private American National Citizen of the United States protected by Section One of the Fourteenth Amendment to the Constitution of the United States "to come to the seat of government to assert any claim he may have upon that government, . . ." *Slaughter-House Cases,* 83 U.S. 36 at 79 (1873).  Additionally, that constitutionally-protected, civilian due process right includes the right to institute a suit in English/American Equity with the congressionally-created, Article III, Federal District Courts of Chancery now sitting in Chambers in Camera following the constitutionally-conferred, civilian jurisdiction of Article III, Section 2, subdivision 1, subject to the historic federal rules of English/American Equity utilized by the federal courts prior to April 25, 1938.  For the Clerk of Court, or the Court, or any of its officers and agents to deny said civilian due process rights would be a violation of their oaths of office to support and defend the Constitution of the United States.

Therefore, Complainant has a conflict with the rules of law, i.e., the non-civilian, militaristic, "Federal Rules of Civil Procedure," in this matter.  And when there is a conflict between the rules of law and the rules of equity over the same subject matter, i.e., the constitutionally-protected, *de jure* citizenship status and the constitutionally-protected, *de jure* civilian due process rights of the Complainant, the rules of equity shall prevail.

*Special and private*        *Special and private*

Special      **Private**      **Priority**      **Proprietary**      **Urgent**

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eric Jon: Phelps, Beneficiary | ) | **Petition to Seal Bill in Equity** |
| Pre-March 9, 1933, Private American National | ) | |
|    Citizen of the United States | ) | **Petition for Declaratory Relief,** |
| | ) | **Enforcement of Trusts,** |
|        Complainant | ) | **Protection and Full Accounting** |
| | ) | |
|        vs. | ) | Ex parte Sealed Proceeding |
| | ) | Evidentiary Hearing in Chambers |
| BARACK OBAMA, Trustee | ) | Regarding Proprietary Evidence |
| Commander in chief, | ) | |
|    United States of America | ) | Judge_____ |
| | ) | Case No._____ |
| JACOB LEW, Trustee | ) | |
| Secretary of the Treasury, | ) | Private, Special, Urgent, Privileged |
|    United States of America | ) | Restricted, Confidential, |
| | ) | Excluding the Public and Press |
|        Defendants | ) | Extra and Special Term |

*Special and private* (handwritten, left margin)

*Special and private* (handwritten, right margin)

To the Honorable Christopher C. Conner, Chief Judge and Chancellor of the District Court of the

United States for the Middle District of Pennsylvania, Complainant requests:

### PETITION TO SEAL BILL IN EQUITY

*"Equity aids the vigilant, not those who slumber on their rights."*

Complainant, a pre-March 9, 1933, Private American National Citizen of the United States,

evidenced by the attached authenticated *"Declaration of Status of Eric Jon Phelps: American*

*Freeman; Pre-1933 Private Citizen of the United States: American National"* (Exhibit A),

hereby petitions the Court to proceed with these matters involving declaratory relief and breach

of trust as "private" and "sealed," ex parte, in Chambers, without the public, without publication

of the press, excluding spectators and "enemies" of this Court.  The reasons are as follows:

**Special          Private          Priority          Proprietary          Urgent**

1. Complainant, premised upon his constitutional citizenship status, hereby releases and discharges all officers and agents of this Court from their obligation to impose the rules and procedures of the statutorily-conferred, military due process of law in this case as per the attached "*Release and Discharge of Obligations*," (Exhibit B);

2. Complainant, premised upon his constitutional citizenship status, hereby accepts the oath or affirmation of all officers and agents of this Court to support and defend the Constitution for the United States, including Complainant's right to a civilian due process of law involving exclusive English/American Equity jurisdiction, said oath or affirmation taken in accordance with Article VI, Section 3 of the Constitution for the United States, as per the attached "*Acknowledgement and Acceptance of Oaths of Office,*" (Exhibit C);

3. As of March 9, 1933, the volunteer-surety/members of the "public" are not part of the sovereign "**We the People**" and therefore are not parties to the Trust known as the "Constitution for the United States of America" (hereinafter "the Trust");

4. This petition does not concern a public interest since the matters to be decided are private in nature involving a Private American National Citizen of the United States who is a member of the sovereign "**We the People**," an individual beneficiary and heir of the Trust, said heir being protected by the Preamble and Section One of the Fourteenth Amendment to the Constitution for the United States;

5. Complainant does not wish to commingle his Constitutional rights as a Pre-March 9, 1933, Private American National Citizen of the United States protected by Section One of the Fourteenth Amendment to the Constitution for the United States, with the government-granted privileges of volunteer-surety/members of the "public" deemed

*Special and private* *Special and private*

**Special**          **Private**          **Priority**          **Proprietary**          **Urgent**

"enemy persons" under the statutory "Trading With the Enemy Act" (50 USC App. 5(b) as amended by the statutory "Emergency Banking Relief Act" (12 USC 95a);

6. Complainant's civilian due process rights as a Pre-March 9, 1933, Private American National Citizen of the United States secured by both the Fifth and Fourteenth Amendments to the Constitution for the United States of America are not cognizable in public "courts of law," federal and state, under temporary emergency war powers military government since March 9, 1933, and under temporary emergency war powers military jurisdiction since April 25, 1938, and the militaristic "Federal Rules of Civil Procedure" since September 16, 1938;

7. Therefore, Complainant has no adequate remedy "at law;"

8. Complainant's equitable rights as a beneficiary of two grantor/express trusts, i.e., "the Trust" and "ERIC JON PHELPS" (California Organization State File No. 53-270404; Federal Identification No. XXX-XX-4519) as well as certain private and proprietary documents concerning "ERIC JON PHELPS" which only parties to the trust are authorized to review in Chambers, are not cognizable in public "courts of law," federal and state, sitting in temporary emergency war powers military government since March 9, 1933, and under temporary emergency war powers military jurisdiction since the infamous *Erie* decision handed down by "the Roosevelt Court" on April 25, 1938;

9. Complainant, in claiming his Constitutional right to civilian English/American Equity Jurisdiction/due process of law as a matter of *de jure*, Pre-March 9, 1933, Private American National Citizenship status, has a conflict with the rules of law, specifically, the militaristic "Federal Rules of Civil Procedure" (imposed on all Federal District

*Special and private* *Special and private*

**Special          Private          Priority          Proprietary          Urgent**

Courts on September 16, 1938) authorized by section 17 of the "Trading with the Enemy

Act" (1917) through section 5(b) of said Act as amended by the "Emergency Banking

Relief Act" (1933).  Therefore, pursuant to the maxim of English/American Equity

jurisprudence fully recognized in American federal and state courts to this day, said

maxim first set forth in the English Judicature Act of 1873, as amended in 1875, where

*"generally in all matters in which there is a conflict or variance, between the rules of*

*Equity and the rules of the Common Law with reference to the same subject matter, the*

*rules of Equity shall prevail,"*

only a Federal District Court with an Article III Chancellor (as opposed to an unqualified,

mere magistrate federal judge) sitting in exclusive English/American Equity jurisdiction

in private Chambers in Camera under civilian due process rules and maxims of

English/American Equity, presiding over a suit that is "sealed and private" to the

exclusion of volunteer-surety members of the "public," deemed quasi-"artificial persons"

and "enemies," can grant the equitable relief sought by Complainant.

Wherefore, Complainant requests the Court **show cause** why this petition cannot be permanently

sealed without the public; that the constitutionally-secured, civilian due process rights of a Pre-

March 9, 1933, Private American National Citizen of the United States, said Private American

Citizenship status secured by Section One of the Fourteenth Amendment, can be commingled

with the statutorily-conferred, military due process rights of post-March 9, 1933, statutory public

"enemy persons" defined under the "Trading With the Enemy Act" (1917) as amended by the

"Emergency Banking Relief Act" (1933); **OR, BE IT RESOLVED**, the Court shall grant this

Petition to Seal, issuing an Order permanently sealing Complainant's Bill in Equity.

**Special**      **Private**      **Priority**      **Proprietary**      **Urgent**

Respectfully submitted,



_Eric Jon: Phelps_

**Eric Jon: Phelps**, Complainant
Pre-March 9, 1933, Private American National:
    Citizen of the United States
Private Citizen of the Commonwealth of Pennsylvania
Private Resident of the Commonwealth of Pennsylvania
    Within a Non-Militarily Occupied Private Estate
    County of Lebanon
    Without the temporary emergency war powers
    Military jurisdiction of the UNITED STATES
    Under military occupation since March 9, 1933
Beneficiary and Agent of Record for
    "ERIC JON PHELPS"
All rights reserved without prejudice

---

### Verification and Acknowledgment

| | | |
|---|---|---|
| **United States of America** | ) | |
| **Commonwealth of Pennsylvania** | ) | **s. a.** |
| **County of Lebanon** | ) | |

BEFORE ME, on this day personally appeared **Eric Jon: Phelps**, Complainant above named, who makes oath under the Law of Jehovah God set forth in the Reformation Bible and the Maxims of Equity, and declares that all statements set forth in the foregoing Petition to Seal with attachments are true to the best of his knowledge and experience.

Subscribed and Affirmed before me on this ___30th___ day of ___November___,
20_15_.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
William L. Hertzog, Notary Public
Myerstown Boro, Lebanon County
My Commission Expires May 08, 2017

Notary Public

_Special and private_    _Special and private_