IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC JON PHELPS** : | |
| : | Civil No. 1:15-CV-1301 |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **BARACK OBAMA and JACOB LEW** : | |
| : | Judge Sylvia H. Rambo |
| **Defendants** : | |

## O R D E R

On December 3, 2015, Plaintiff Eric Jon Phelps ("Plaintiff") filed a set of documents including: a bill in equity, a motion to seal all documents filed, notices to the Clerk of Court, and a voluminous document entitled "Federal Rules of Equity" promulgated by the United States Supreme Court in October 1912. (*See* Docs. 1 & 2.)

Federal Rule of Civil Procedure 2 states that "[t]here is one form of action–the civil action." Fed. R. Civ. P. 2. Rule 8(a) states that in order for a civil pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a showing that the pleader is entitled to relief, and a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). Rule 8(a) requires "that a complaint 'be presented with clarity, sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of plaintiff's claim." *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012) (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)).

The filing of the documents listed above can properly be classified as prolix pleadings, disparate and disjointed, making it difficult both for the defendants to file a responsive pleading and for this court to discern the essence of the claim. The pleadings in this case therefore do not comply with Federal Rules of Civil Procedure 2 and 8(a).

Accordingly, **IT IS HEREBY ORDERED** as follows:

1) The Clerk of Court shall only docket the bill in equity and the petition to seal the bill in equity.

2) The request to seal is **DENIED.**

3) The complaint is **DISMISSED** for failure to comply with Federal Rules of Civil Procedure 2 and 8(a). Said dismissal is without prejudice to file an amended complaint confirming with Rules 2 and 8(a). In addition, Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands on its own as an adequate complaint that states a plausible claim for relief, without reference to the complaint already filed. It must specify the existence of actions by the defendants which have resulted in specific constitutional deprivations. Failure to comply with this order shall result in dismissal of this action with prejudice.

S/SYLVIA H. RAMBO
United States District Judge

Dated: December 8, 2015.