IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC JON PHELPS,** : | **Civil No. 1:15-CV-2328** |
| **Plaintiff** : | |
| v. : | |
| **BARACK OBAMA and JACOB LEW,** : | |
| : | **Judge Sylvia H. Rambo** |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court is Plaintiff's amended complaint seeking enforcement of certain purported trusts. (Doc. 5.) While the amended complaint and its exhibits are prolix, this court has attempted to discern the nature of the cause of action and the relief requested. For the reasons set forth below, the amended complaint will be dismissed *sua sponte* pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject-matter jurisdiction.

**I.     Background**

Plaintiff previously filed a complaint, with exhibits, that was so voluminous and indecipherable that the Clerk of Court was directed not to file the document. (*See* Docs. 1 & 2.) The court dismissed the complaint without prejudice to filing an amended complaint. (Docs. 3 & 4.)

### A. Facts

The relevant facts, which are taken directly from the amended complaint and the attachments thereto, are as follows:

> 6. On the day of my natural birth I became a *de jure* **Private National Citizen** of the geographic United States of America (composing the fifty states) pursuant to Section 1 of the Fourteenth Amendment to the Constitution of the United States of America.
>
> 7. On the day of my natural birth I became a *de jure* **Private National Citizen/Private Resident** of the geographic State of California pursuant to [S]ection 1 of the Fourteenth Amendment to the Consitution of the United States of America.
>
> 8. On the day my "Certificate of Live Birth" was filed with the State of California, by operation of law I became the **Property** of, **Surety** for and wedded to "ERIC JON PHELPS," a state-created, California corporate sole and statutory **Public "U.S. citizen"** of the *de facto* Emergency War Powers Military Government of the "United States," it governing the states as "conquered territories" and its state-created "U.S. citizens" as a conquered people.

(Doc. 5, Ex. A. at p. 7 of 12.)

Plaintiff claims that his birth certificate is being treated as a unilateral contract and as a "covert commercial agreement and unconscionable, adhesion contract/quasi-contract between the state of the baby's natural birth and the mother of the baby, the baby then deemed property of the Federal, *de facto* military government of the 'United States.'" (*Id*. at p. 4 of 12.)

In addition, Plaintiff claims to have made several filings in other courts, alleging that:

> 15. I have rescinded every **Signature of Suretyship**–*Nunc Pro Tunc Ab Initio*–ever executed on behalf of corporate sole/"U.S. citizen" "ERIC JON PHELPS" (including any derivative of the NAME thereof) be it **public and/or private**, by means of a duly filed

> **"Rescission of Signatures of Suretyship–*Nunc Pro Tunc Ab Initio*."** . . .
>
> 16. I have disclaimed and refused every implied trusteeship and/or quasi-trusteeship ever unconsciously provided or presumed on behalf of corporate sole/"U.S. citizen" "ERIC JON PHELPS" (including any derivative of the NAME thereof) be it public and/or private, by means of a duly filed **"Disclaimer of Implied Trusteeship and/or Quasi-Trusteeship–*Nunc Pro Tunc Ab Initio*."** . . .
>
> 17. The Legal Title holder(s) and the Equitable Title holder of all legal property of Private Business Trust "ERIC JON PHELPS" are private in nature evidenced by a **"Notice of Private Trust Agreement"** filed in the public record. . . .
>
> 18. I am the **Agent** for Private Business Trust "ERIC JON PHELPS" in the acquisition of its legal property by nature evidenced by a **"Notice of Private Trust Agreement"** filed in the public record. . . .

(*Id*. at p. 9 of 12.)

> As a result of the foregoing, Plaintiff claims that:
>
> Private Business Trust "ERIC JON PHELPS" is in domestic and world commerce, all income being equitable property by nature of a special and private Sole Beneficiary holding the status of a Private Citizen of the United States secured by Section 1 of the Fourteenth Amendment to the Constitution of the United States of America. Therefore Private Business Trust "ERIC JON PHELPS" has no "income," and therefore the trust is a Non-taxpayer.

(*Id*.) In further support of his claim, Plaintiff attaches an affidavit to the amended complaint, which states the following:

> 8. Affiant is not a statutory public "United States citizen;"
>
> 9. Affiant is not a statutory public "resident" of the United States;
>
> 10. Affiant is not a statutory public "United States person;"
>
> 11. Affiant is not a statutory public "non-citizen national;"

> 12. Affiant is not a statutory public "citizen" of the Commonwealth of Pennsylvania;
>
> 13. Affiant is not a statutory public "resident" of the Commonwealth of Pennsylvania;
>
> 14. Affiant is not a statutory public "resident alien;"
>
> 15. Affiant is not a statutory public "non-resident alien;"
>
> 16. Affiant is not a statutory public "taxpayer;"
>
> 17. Affiant is not a statutory public "non-taxpayer;"
>
> 18. Affiant does not have a statutory public "tax home within or without the United States" presently under military occupation via the "Trading with the Enemy Act" (1917) as amended by the "Emergency Banking Relief Act" (1933)[.]

(*Id.*, Ex. 7, p. 2 of 4.)

## II.     <u>Legal Standard</u>

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, jurisdictional deficiencies must be addressed at the outset. *B & P Holdings I, LLC v. Grand Sasso, Inc.*, 114 F. App'x 461, 465 (3d Cir. 2004). Because a lack of subject-matter jurisdiction divests the court of the authority to hear the case before it, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "A federal court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the

allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

**III.     Discussion**

The statements contained in the complaint and attachments thereto are plainly an attempt to avoid taxpayer liability and present arguments in defense of a claim for the payment of taxes. However, there is no tax suit or tax summons against Plaintiff in this court. Plaintiff's request for relief is in part a request for declaratory relief, *i.e.*, that he be declared a beneficiary of two trusts – the "Constitution for the United States of America" and "ERIC JON PHELPS," and in part for an accounting by Defendants of the assets and property held by them. (Doc. 5, ¶¶ 15, 15d.)

By being awarded the declaratory relief sought, Plaintiff hopes to achieve the status of a "non-taxpayer." As noted above, there is no current tax case before this court, and, therefore, the court has no jurisdiction to entertain such relief. The second request for relief is nonsensical and beyond the powers of this court. Accordingly, this action will be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: January 8, 2016.