IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JON PHELPS, : | |
|         Plaintiff : | Civ. No. 1:15-CV-2328 |
| : | |
| v. : | |
| : | |
| BARACK OBAMA and JACOB LEW, : | |
| : | Judge Sylvia H. Rambo |
|         Defendants : | |

**M E M O R A N D U M**

By order dated January 8, 2016 (Doc. 6), the court dismissed Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject-matter jurisdiction. Presently before the court is Plaintiff's motion for reconsideration. (Doc. 11.) For the reasons stated herein, Plaintiff's motion will be denied.

**I.     Background**

As the court has stated in its dismissals of Plaintiff's complaint and amended complaint (Docs. 3 & 5), it is having substantial difficulty deciphering a cognizable claim in Plaintiff's prolix and escalatingly bizarre filings. The instant motion for reconsideration provides the court with even less clarity as to Plaintiff's claims than did his previous offerings. While the court understood Plaintiff's amended complaint to be seeking enforcement of certain purported trusts in an effort to avoid an obligation to pay taxes, Plaintiff argues in his motion for reconsideration that the enforcement of the trusts is to

obtain an accounting of assets owned by the federal government, to which Plaintiff would for some reason be entitled a portion.  (*See* Doc. 11, pp. 4-5.)

As mystifying as that claim is to the court, it is in the ensuing pages of Plaintiff's motion where the plot is completely lost.  Plaintiff states that Defendants have breached the purported trusts by allowing the colors of national flags to be displayed inside and outside of courthouses, keeping the United States in a "temporary national emergency" that has lasted eighty-two years, and leaving Plaintiff without protection from "the pope's alien Roman Catholic Hispanic invasion into the American South abetted by the Jesuit Order's 'Kino Border Initiative,' and from the alleged terrorism of Sunni-Islamic ISIS, created and bankrolled by the pope's Central Intelligence Agency formerly directed by Jesuit-trained, Roman Catholic Knight of Malta Leon Panetta." (*Id*. at pp. 8, 10.)

Although the court cannot discern a viable claim in Plaintiff's papal averments, Plaintiff does respond to the court's dismissal for lack of subject-matter jurisdiction by arguing that because he is without a remedy at law, the court should exercise its equity jurisdiction. (*Id*. at p. 10.)  The court will address Plaintiff's jurisdictional argument below.

## II.     Legal Standard

Motions for reconsideration under Federal Rule of Civil Procedure 59(e) serve primarily to correct manifest errors of law or fact in a prior decision of the court. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  Under Rule 59(e), "a judgment may be

altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Motions for reconsideration may also be appropriate in instances "where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)).  "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (quoting *Abu-Jamal v. Horn*, Civ. No. 99-cv-5089, 2001 WL 1609761, *9 (E.D. Pa. Dec. 18, 2001)).  "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. No. , 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006) (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).  Reconsideration of a judgment is an extraordinary remedy, and

courts should grant such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (citing *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

It follows from the remedial purpose of a Rule 59(e) motion that the standard of review relates back to the standard applicable in the underlying decision. *See Fiorelli*, 337 F.3d at 288. Accordingly, when a motion for reconsideration challenges the court's *sua sponte* decision to dismiss a complaint based on lack of subject-matter jurisdiction, the standard set forth in Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) guides the analysis. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A federal court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

### III.   Discussion

Plaintiff does not argue in support of his motion for reconsideration that there has been an intervening change in the controlling law, that new evidence is available, or that

4

there is a need to correct a clear error of law or fact. *See Max's Seafood Cafe,* 176 F.3d at 677. Rather, it appears that Plaintiff is arguing that "manifest injustice" would occur if the court does not cause Defendants to cease breaching the purported trusts. *See id.*; *see also* Doc. 11, pp. 13-14.) Plaintiff also argues that the court has misunderstood him, because he is not seeking enforcement of the purported trusts in order to avoid tax liability, but rather to receive an accounting and portion of the assets held in those trusts. (*See* Doc. 11, pp. 4-5.) The underlying reason for enforcement of the alleged trusts, however, does not go to the threshold issue of the court's jurisdiction to enforce them, or to order Defendants to make an accounting of the supposed assets held in the trusts. The court must therefore determine whether its equity jurisdiction provides a basis for hearing Plaintiff's claims.

> While it is true that the presence of an adequate legal remedy precludes resort to a federal court of equity, it does not follow that the converse is true—that the want of a legal remedy in the federal courts gives the suitor free entrance to a federal court of equity. Absence of legal remedy does not dispense with the necessity of alleging and proving a cause of action in equity as a prerequisite to equitable relief in a federal court.

*Atlas Life Ins. Co. v. W.I. Southern, Inc.,* 306 U.S. 563, 569-70 (1939) (citations omitted). Just as the court has thus far been unable to discern a viable legal claim in Plaintiff's filings, it cannot now construe a claim sounding in equity. Plaintiff's claims that he is somehow outside of the purview of the laws of the United States because the United States is acting as a "temporary military government," and that his constitutional rights are being abrogated by Defendants' breaches of trusts that Plaintiff has spun from whole cloth, which are supported

by allegations involving the pope, Jesuits, and terrorists, are simply "so attenuated and unsubstantial as to be absolutely devoid of merit . . . [and] obviously frivolous." *Hagans*, 415 U.S. at 536–37 (citations omitted).

**IV.     Conclusion**

For the reasons stated herein, the court finds that Plaintiff has not stated a claim that falls within the court's equity jurisdiction, and, therefore, the court lacks subject-matter jurisdiction over Plaintiff's claims.  Accordingly, Plaintiff's motion for reconsideration will be denied.

An appropriate order will issue.

 s/Sylvia H. Rambo  
United States District Judge

Dated: January 27, 2016