**Special**        **Private**        **Priority**        **Proprietary**        **Urgent**

IN THE
# District Court of the United States
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Eric Jon: Phelps**, Beneficiary : <br> Pre-1933 Private American National : <br>    Citizen of the United States : <br> : <br>              Plaintiff : <br> : <br> v. : <br> : <br> **BARACK OBAMA**, Trustee : <br> President/Commander in chief, : <br>    United States of America : <br> : <br> **JACOB LEW**, Trustee : <br> Secretary of the Treasury : <br>    United States of America : <br> : <br>             Defendants : | **Civil No. 1:15-CV-2328** <br><br><br><br> **Civil Action** <br> (In the spirit and intent of a <br> Pre-1938 Bill in Equity <br> in Chancery) <br><br><br> **Non-Statutory** <br><br><br><br> **Judge Sylvia H. Rambo** |

FILED
HA------ PA
FEB 1 2 2016
DEPUTY CLERK

---

### Bill of Exceptions
### Intended to Preserve Equitable Rights Not of Record
### Intended for Appellate Review De Novo

## Status of Plaintiff

  **1.** Plaintiff is a *de jure* private American National Citizen of the United States

of America;[1] privately residing outside a "Federal District" and within a non-

---

[1] Affidavit of Status Recorded in Lamar County, Georgia Superior Court of Record on May 11, 2015, BPA BOOK 45 Pages 801-860, herein incorporated by reference.

**Special          Private          Priority          Proprietary          Urgent**

militarily-occupied private estate not subject to the temporary military jurisdiction of the "United States" under temporary military occupation since March 9, 1933.

2. Plaintiff is preserving his right to further Appellate Review by way of filing this Bill of Exceptions.

### Objection to Judge's Memorandum and Order of January 27, 2016

3. On pages 1 thru 6 of the Court's Memorandum and final Order:

a. Plaintiff's primary rights are not cognizable by the jurisdiction of the Court. Said rights involve a purely equitable estate, right or interest which is exclusively cognizable by a court of equity, so that a complete determination of the issues cannot be made by a court of law, much less by a court imposing a military due process of law on behalf of the provisional, "emergency" war powers military government now running for eighty-two years. (Said military government was established on March 9th, 1933, by way of your Presidential Proclamation(s) 2039 and 2040, and your "Trading With The Enemy Act" of October 6, 1917, as amended by your "Emergency Banking Relief Act" of March 9, 1933/ Pub. L. 73-1, 48 Stat. 1, H.R. 1491, codified at your 12 USC 95a, 95b and 50 USC App. 5(b)).

b. Plaintiff objects due to the absence of Plaintiff's private, proprietary, confidential evidence not of record which is governed by the Maxim that "Equity

---

**Special          Private          Priority          Proprietary          Urgent**

regards the Beneficiary as the True Owner," said evidence being only cognizable in a court of exclusive equity by way of the Article III, Section 2, subdivision 1, where equity jurisprudence is the source of Plaintiff's authority.

 **c.** The Court failed to address Plaintiff's purely equitable claims arising from breach of trusts.

 **d.** The Court failed to review Plaintiff's private trust documents in Chambers.  Hence, Plaintiff was not given the opportunity to prove his equitable cause of action.

 **e.** The Court refused to acknowledge an equitable cause of action, deeming Plaintiff's trusts to be merely "purported" without proper review.

 **f.** The Court patently misunderstood and thereby contorted Plaintiff's equitable claims into "an effort to avoid an obligation to pay taxes," attempting to reduce equitable claims into legal claims by relying on irrelevant exhibits attached to a general exhibit.

 **g.** The Court *sua sponte* dismissed for lack of subject matter jurisdiction alleging Plaintiff had "not stated a claim that falls within the court's equity jurisdiction."

 **h.** The Court admitted equitable relief sought by Plaintiff was beyond its jurisdictional powers.

**Special**     **Private**     **Priority**     **Proprietary**     **Urgent**

## Memorandum in Support of Bill of Exceptions

**4.** Equity Jurisprudence had its origin solely in the fact that law (at law/ common law) and Equity were originally two distinct jurisdictions and was administered by separate tribunals. That original intent is not adapted to the current condition of the municipal law, which due to the Judicature Act has obliterated the external distinctions between Equity and the law under a "reformed procedure." Since the inception of the Judicature Act, the principals of Equity have, over time, taken a back seat to the at law jurisdiction. As Justice Pomeroy stated in the preface to his _Treatise on Equity Jurisprudence_, 1881:

> "There has not, of course, been any conscious intentional abrogation or rejection of equity on the part of the courts. The tendency, however, has plainly and steadily been towards the giving an undue prominence and superiority to purely legal rules, and the ignoring, forgetting, or suppression of equitable notions. . . . Even a partial loss of equity would be a fatal injury to the jurisprudence of a State. So far as equitable rules differ from those of the law, they are confessedly more just and righteous, and their disappearance would be a long step backward in the progress of civilization."

Pomeroy further states:

> "The **conflict** with the reformed procedure is that the ancient separation into exclusive jurisdiction no longer furnishes an adequate nor even a true principle upon which to classify the body of equity jurisprudence and is in direct **conflict** with the reformed procedure." ( §124 in Pomeroy's Eq. Juris.)

**5.** The Exclusive Jurisdiction of Equity has the far reaching and broad powers to grant a ruling that is fair just and right without regard to the situation at hand, whereas the law is narrow in its scope and limited in this ability. It is this major

**Special**         **Private**         **Priority**         **Proprietary**         **Urgent**

difference that creates the **conflict** between the two jurisdictions being administered in one court.

**6.** Justice Curtis states in *Hendrickson v. Hinkley*:

"A court of equity does not interfere with judgments at law, unless the complainant has an equitable defense, of which he could not avail himself at law [*private, confidential, proprietary trust documents*] because it did not amount to a legal defense, or had a good defense at law which he was prevented from availing himself of by fraud or accident unmixed with negligence of himself or his agents."

**7.** This Court does not recognize Plaintiff's inherent equitable rights by nature under English/American equity jurisprudence (Plaintiff being a Private American National Citizen of The United States of America) due to the historic **conflict** between the Roman equity running in the public courts serving the "emergency" War Powers military government established on March 9th, 1933.  Pomeroy states:

**"Where the controversy, in addition to its legal aspect, involves some equitable estate, right, or interest which is exclusively cognizable by a court of equity, so that a complete determination of the issues cannot be made by a court of law, it is well settled that equity not only may, but must, interfere at the suit of the party in whom the equitable estate or right is vested, and restrain the action at law, and decide the whole controversy.'**
(4 Eq. Jur. [*3d Ed.*] § 1362)

**8.** Law Master John Bouvier, the author of the <u>Bouvier's Law Dictionary</u>, knew and understood Equity. In his book, <u>Institutes of American Law</u>, he had this to say:

"Law is nothing without equity, and equity is everything, even without Law. Those who perceive what is just and what is unjust only through the eyes of the law, never see it as well as those who behold it with the eyes of equity.  Law may be looked upon, in some manner, as an assistance for those who have a weak perception of right and wrong, in the same way that optical glasses, are

**Special          Private          Priority          Proprietary          Urgent**

useful for those who are shortsighted, or those whose visual organs are deficient. Equity, in its true and genuine meaning, is the soul and spirit of the law; positive law is construed, and rational law is made by it."
*Institutes of American Law* - 1882, Vol. 2, § 3724, para. 4.

## Conclusion

**9.** With the aforementioned: Actual and constructive notice is hereby given that this case, to include all proceeds and derivatives therefrom, has been claimed, withdrawn from the general, misconstrued venue of public policy, being at law, and has been re-deposited into special confidence/Equity Jurisdiction intended for the Appellate Forum in a de novo trial to be a **special deposit**, which reflects the true intent of the undersigned.

**10.** Plaintiff, as grantee, now coming as grantor/beneficiary holds:

"An action to enforce a trust can only be brought by a beneficiary, and it must be in equity." Batchis v. Leask (149 App. Div. 713, 715)

**11.** Finally:

"Generally in all matters in which there is any **conflict** of variance between the rules of equity and the rules of the common law, with reference to the same matter, the rules of equity shall prevail."
*1 Pomeroy's Equity Jurisprudence* [5th ed.], p xxiv.

Respectfully submitted,

February 10, 2016                    Eric Jon: Phelps
Date:                                Eric Jon: Phelps
                                     Plaintiff/Beneficiary

7 of 7

**Special**        **Private**        **Priority**        **Proprietary**        **Urgent**

# *BILL OF EXCEPTIONS*



Intended for Register of Chancery for the
"District Court of the United States."

PRIVATE AMERICAN NATIONAL CITIZEN
OF THE UNITED STATES OF AMERICA RESIDING OUTSIDE A
"FEDERAL DISTRICT" WITHIN A NON-MILITARILY OCCUPIED
PRIVATE ESTATE NOT SUBJECT TO THE TEMPORARY
MILITARY JURISDICTION OF UNITED STATES UNDER
TEMPORARY MILITARY OCCUPATION SINCE MARCH 9, 1933

PRIORITY/URGENT

EXTRAORDINARY, SPECIAL, PRIVATE, RESTRICTED,
PRIORITY, CONFIDENTIAL PROPRIETARY and PRIVILEDGED

EXCLUSIVE EQUITY JURISDICTION IN
ARTICLE III, SECTION 2, SUBDIVISION 1, OF THE
CONSTITUTION OF THE UNITED STATES OF AMERICA

NOT FOR PUBLICATION, TO EXLUDE THE PUBLIC AND PRESS,
NOT FOR PUBLIC CONSUMPTION

**Reformation Bible Puritan Baptist Church**
Elder Bishop Eric Jon Phelps
Private Citizen of the United States of America

---

203 South Fort Zellers Road, P.O. Box 306
Newmanstown, Pennsylvania, Zip Code Excepted [*17073*]
Office: 610-340-0734; Fax 610-589-6420

February 10, 2016

Dear Tori,

Please file the enclosed on the docket.

Thanks.

Sincerely,

Eric

Looking for the Blessed Hope, Titus 2:13-14

**Eric Jon: Phelps, American National**
Pre-1933 Private Citizen of the United States
203 South Fort Zellers Road
**County of Lebanon**
**Newmanstown, Pennsylvania**
Zip Code Excepted [*17073*]

7012 0470 0001 2473 2725

CERTIFIED MAIL

7012 0470 0001 2473 2725

Attn: Tori
Office of the Clerk
U.S. District Court
U.S. Courthouse
228 Walnut St #1060
Harrisburg, PA
17101